Susan Davis
Olivia R. Singer
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022
(212) 563-4100

*Attorneys for SAG-AFTRA, New York Local*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
SCREEN ACTORS GUILD - AMERICAN :
FEDERATION OF TELEVISION AND RADIO :
ARTISTS, NEW YORK LOCAL :
:
                        Plaintiff, :   Civil No. 21/4972
:
                -v- :
:
NEW YORK PUBLIC RADIO :
:
                      Defendant. :
------------------------------------------------------------------x

## COMPLAINT TO COMPEL ARBITRATION

       Plaintiff Screen Actors Guild - American Federation of Television and Radio Artists, New York Local ("SAG-AFTRA"), by its attorneys, Cohen, Weiss and Simon LLP, for its complaint against New York Public Radio ("NYPR") states as follows:

### INTRODUCTION

      1.    This is an action by a labor organization under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to compel an employer to arbitrate grievances

arising under the parties' collective bargaining agreement, as required by the arbitration clause of the agreement and federal labor law.  This action arises from NYPR's refusal to arbitrate grievances filed by SAG-AFTRA, including a grievance concerning NYPR's failure to provide 18-year WNYC reporter Fred Mogul with contractually required severance payments after wrongfully discharging Mogul without cause.  NYPR has wholly abrogated and refused to abide by the parties' contractual grievance process.

      2.      In the alternative, should the Court determine that the underlying dispute is not subject to arbitration, the Court should find that NYPR has breached the agreement and enter judgment for SAG-AFTRA.

## JURISDICTION AND VENUE

      3.      This Court has subject matter jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and 28 U.S.C. § 1331.

      4.      Venue lies in this judicial district under Section 301(c) of the Labor Management Relations Act, 29 U.S.C. § 185(c), because NYPR transacts business in New York and SAG-AFTRA maintains its principal place of business in this judicial district and its officers and agents represent and act for employee members in this judicial district.

## STATEMENT OF FACTS

*The Parties*

      5.      SAG-AFTRA is a labor organization and employee representative within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5).  At all times relevant to this action, SAG-AFTRA has served as the exclusive collective bargaining

representative for a bargaining unit of employees, including the classification of Reporter II, employed by NYPR at the radio broadcast station WNYC-AM (frequency 820 AM), WNYC-FM (frequency 93.9 FM), WQXR-FM (frequency 105.9 FM), and the Gothamist.  SAG-AFTRA has a principal place of business at 1900 Broadway, New York, New York 10023.

6. NYPR transacts business in the State of New York and is an employer within the meaning of Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2).  NYPR has a principal place of business at 160 Varick Street, New York, New York 10013.

*The Collective Bargaining Agreement*

7. SAG-AFTRA is party to a collective bargaining agreement with NYPR for the period from July 1, 2018 through June 30, 2022 (the "CBA").  The CBA is a contract within the meaning of Section 301 of the Labor Management Relations Act.  A copy of the CBA is attached hereto as Exhibit A.

8. Article XXVI, Section 1 of the CBA provides that persons holding the positions of Host, Reporter I, Reporter II and Senior Reporter "may be terminated with or without cause," but that "persons occupying the job titles of Host, Reporter II and Senior Reporter *shall be subject*, if eligible, to Article XXIII, Layoffs/Severance, sections 6 and 7" (emphasis added).

9. Article XXIII, Section 6 of the CBA provides that NYPR shall pay severance to "an employee in the job title of Host, Reporter II or Senior Reporter who is terminated without cause in the amount equal to two (2) weeks pay for each year of continuous service."

*The Grievance and Arbitration Process Under the Collective Bargaining Agreement*

10. Article XXI, Section 1 of the CBA provides that all grievances "shall be resolved exclusively pursuant to the procedures set forth in this Article XXI." The term "grievance" is defined to include "any dispute arising out of (a) the interpretation, application or a claimed violation of this Agreement; (b) any personal services agreement between the Employer and an employee covered by this Agreement; or (c) any appeal of a claimed wrongful disciplinary action."

11. Article XXI, Section 2 of the CBA sets out a multi-step grievance procedure, culminating in binding arbitration. Under this procedure, SAG-AFTRA must first present any grievance to NYPR in writing. NYPR and SAG-AFTRA must then meet within ten (10) days of receipt of the grievance. If the grievance is not resolved, either party may, within thirty (30) working days after the grievance meeting, submit the grievance to final and binding arbitration before an arbitrator selected in accordance with the rules and procedures of the American Arbitration Association.

*NYPR Breaches the CBA By Failing to Pay Mogul Severance Pay and Refusing to Participate in the Grievance and Arbitration Process*

12. In February 2021, NYPR wrongfully terminated 18-year WNYC reporter Fred Mogul without cause. At the time of his termination, Mogul held the position of Reporter II under the CBA. In violation of Article XXIII, Section 6 of the CBA, NYPR failed to make severance payments to Mogul.

13. On May 5, 2021, SAG-AFTRA filed a grievance challenging NYPR's failure to make contractually required severance payments to Mogul and demanded as a remedy payment of severance pay to Mogul pursuant to Article XXIII of the CBA. A copy of this grievance is attached hereto as Exhibit B.

14. On May 13, 2021, SAG-AFTRA demanded a meeting with NYPR to discuss the severance pay grievance. In response, on May 14, 2021, NYPR stated: "Since the issues you have raised are not subject to grievance or arbitration, we do not intend to participate in a grievance process." A copy of this email correspondence is attached hereto as Exhibit C.

***NYPR Refuses to Arbitrate SAG-AFTRA's Grievances***

15. In addition to the severance pay grievance, on March 2, 2021, pursuant to Article XXI of the CBA, SAG-AFTRA submitted a grievance challenging Mogul's termination. SAG-AFTRA contended the termination was arbitrable as an "appeal of a claimed wrongful disciplinary action." *See* Article XXI, Section 1(c). A copy of the termination grievance is attached hereto as Exhibit D.

16. Although the CBA requires SAG-AFTRA and NYPR to meet within 10 days of receipt of a grievance, NYPR refused to schedule a meeting with SAG-AFTRA to discuss this grievance.

17. On May 5, 2021, the same day SAG-AFTRA filed the severance pay grievance, SAG-AFTRA also filed a grievance challenging NYPR's failure to adhere to the contractual grievance procedure. A copy of this grievance is attached hereto as Exhibit E.

18. On May 18, 2021, pursuant to Article XXI, Section 2 of the CBA, SAG-AFTRA submitted a demand for arbitration of the severance pay grievance along with the two other grievances to the American Arbitration Association. A copy of the demand for arbitration is attached hereto as Exhibit F.

19. On May 26, 2021, NYPR submitted an answering statement in response to SAG-AFTRA's demand for arbitration. NYPR contended that SAG-AFTRA's "claim is not subject to arbitration and the American Arbitration Association does not have jurisdiction over it." In its response, NYPR did not acknowledge that SAG-AFTRA's grievance concerning NYPR's failure to pay Mogul severance payments pursuant to Article XXIII is subject to the grievance and arbitration process. NYPR also made no mention of SAG-AFTRA's grievance concerning NYPR's abrogation of the grievance procedure. NYPR failed to address the language in Article XXI, Section 1(c) providing that grievances concerning "any appeal of a claimed wrongful disciplinary action" must be submitted to the grievance and arbitration process. A copy of the answering statement is attached hereto as Exhibit G.

20. NYPR continues to refuse to submit to arbitration SAG-AFTRA's grievance concerning its failure to pay contractually required severance to Mogul following his discharge without cause. NYPR similarly refuses to arbitrate the grievances concerning Mogul's wrongful termination and NYPR's abrogation of the contractual grievance procedure. NYPR continues to refuse to submit to the parties' contractually mandated process for resolving disputes.

## COUNT I

21. Plaintiff repeats and realleges paragraphs 1-20 above as though fully set forth herein.

22. The dispute between the parties over the severance payments due to Mogul following his termination without cause arise under the CBA and is subject to resolution under the grievance and arbitration process under the CBA. By refusing to submit to the grievance and arbitration process under the CBA, NYPR has breached the CBA in violation of Section 301 of the Labor Management Relations Act.

23. Consistent with the Norris-LaGuardia Act, 29 U.S.C. § 101 et seq., and under Section 301 of the Labor Management Relations Act, this Court has jurisdiction to enjoin NYPR to arbitrate this dispute pursuant to the grievance and arbitration provisions in the CBA.

## COUNT II

24. Plaintiff repeats and realleges paragraphs 1-23 above as though fully set forth herein.

25. The disputes between the parties over the wrongful discharge of Mogul and NYPR's abrogation of the grievance and arbitration procedure arise under the CBA and are subject to resolution under the grievance and arbitration process under the CBA. By refusing to submit to the grievance and arbitration process under the CBA, NYPR has breached the CBA in violation of Section 301 of the Labor Management Relations Act.

26. Consistent with the Norris-LaGuardia Act, 29 U.S.C. § 101 et seq., and under Section 301 of the Labor Management Relations Act, this Court has jurisdiction to enjoin NYPR to arbitrate these disputes pursuant to the grievance and arbitration provisions in the CBA

## COUNT III

27. Plaintiff repeats and realleges paragraphs 1-26 above as though fully set forth herein.

28. If the Court determines that the Union's grievances concerning the severance payments due to Mogul, the wrongful discharge of Mogul, and NYPR's abrogation of the grievance and arbitration procedure are not subject to resolution under the grievance and arbitration process under the CBA, then NYPR has breached Article XXI and Article XXIII of the CBA by wrongfully denying Mogul contractually required severance pay, wrongfully discharging Mogul, and abrogating the contractual grievance and arbitration procedure.

29. Consistent with Section 301 of the Labor Management Relations Act, this Court has jurisdiction to remedy NYPR's breach of the CBA.

WHEREFORE, SAG-AFTRA prays that the Court issue a judgment in favor of SAG-AFTRA:

a. compelling NYPR to arbitrate all disputes arising under the CBA, including those raised in SAG-AFTRA's grievances concerning NYPR's failure to pay Mogul contractually required severance pay, wrongful discharge of Mogul, and abrogation of the contractual grievance and arbitration procedure or, in the

    alternative, determining that NYPR has breached the CBA and awarding SAG-AFTRA appropriate money damages and injunctive relief;

b.  ordering NYPR to pay SAG-AFTRA's reasonable attorney fees and costs in this action; and

c.  granting such other and further relief as to the Court seems just, proper and equitable.

Dated: June 4, 2021

               Respectfully submitted,

               */s/ Susan Davis*
               Susan Davis
               Olivia R. Singer
               COHEN, WEISS AND SIMON LLP
               900 Third Avenue, Suite 2100
               New York, NY 10022
               (212) 563-4100

               *Attorneys for SAG-AFTRA*