UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
:
SCREEN ACTORS GUILD - AMERICAN :
FEDERATION OF TELEVISION AND RADIO :
ARTISTS, NEW YORK LOCAL :
:
                  Plaintiff, : Civil No. 21/4972
:
             -v- :
:
NEW YORK PUBLIC RADIO :
:
                 Defendant. :
------------------------------------------------------------------------x

**EXHIBIT G TO COMPLAINT TO COMPEL ARBITRATION**



# ARBITRATION ANSWERING STATEMENT AND COUNTERCLAIM OR JOINDER/CONSOLIDATION REQUEST

| | |
|---|---|
| Name of Claimant: SAG-AFTRA | Name of Representative (if known): Joshua Mendelsohn |
| Address: 1900 Broadway, 5th Floor | Name of Firm (if applicable): |
| | Representative's Address: 1900 Broadway, 5th Floor |
| City: New York   State: NY   Zip Code: 10023 | City: New York   State: NY   Zip Code: 10023 |
| Phone No.: 2128634292   Fax No.: | Phone No.: 2128634292   Fax No.: |
| Email Address: | Email Address: Joshua.Mendelsohn@sagaftra.org |
| AAA Case No. (if known): | Filing a Counterclaim: ☐ Yes ☑ No  *If yes, please describe nature of counterclaim in space below.* |

Please answer Claimant's Demand for Arbitration (and describe your counterclaim, if applicable): *Attach additional pages as necessary.*

As described more fully in the attached addendum, the claim is not subject to arbitration and the AAA does not have jurisdiction over it.

Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other?   ☐ Yes ☑ No

☐ Joinder/Consolidation Request. Provide the contact information for parties to be joined, and the case number(s) if consolidation is requested, on a separate attachment.

| | |
|---|---|
| Dollar Amount of Claim or Counterclaim: $ | Other Relief Sought:<br>☐ Attorneys Fees  ☐ Interest  ☐ Arbitration Costs<br>☐ Punitive/ Exemplary  ☐ Other |

Filing Fee: (if any) $         In accordance with Fee Schedule: ☐ Flexible Fee Schedule  ☐ Standard Fee Schedule

Please describe the qualifications you seek for arbitrator(s) to be appointed to hear this dispute:

Hearing locale:        *(check one)* ☐ Agree to requested locale  ☐ Objection to locale   Proposed alternative locale:

Estimated time needed for hearings overall:                hours or           days

| | |
|---|---|
| Signature (may be signed by a representative): /s/Eddie Lieber | Date: 5/26/21 |
| Name of Respondent: New York Public Radio | Name of Representative: Eddie Lieber |
| Address (to be used in connection with this case): 160 Varick Street | Name of Firm (if applicable): Kauff McGuire & Margolis LLP |
| | Representative's Address: 950 Third Avenue, 14th Floor |
| City: New York   State: NY   Zip Code: 10023 | City: New York   State: NY   Zip Code: 10022 |
| Phone No.:   Fax No.: | Phone No.: (212) 909-0720   Fax No.: (212) 909-3520 |
| Email Address: | Email Address: lieber@kmm.com |

**Please send a copy of this Answering Statement to all other case participants and the AAA. If you are filing a counterclaim, please include the appropriate Filing Fee, if any, per the applicable Rules.**

*Please visit our website at www.adr.org if you would like to file this online. If you have questions, please contact your AAA case representative. If you do not know who your representative is, please contact Customer Service at 1-800-778-7879 for assistance.*

Addendum to New York Public Radio Answering Statement

The Screen Actors Guild – American Federation of Television and Radio Artists, New York Local ("SAG-AFTRA") demands arbitration of grievances challenging New York Public Radio's ("NYPR") termination of Fred Mogul, a Reporter II, with cause – even though the collective bargaining agreement between NYPR and SAG-AFTRA ("CBA") gives NYPR the right to terminate a Reporter II "with or without cause" and expressly states that "*such termination shall not be subject to Article XXI, Grievance and Arbitration Procedure.*" CBA Article XXVI(1) (emphasis added) (CBA attached). That express arbitration exclusion renders SAG-AFTRA's grievances not substantively arbitrable under well-settled U.S. Supreme Court law, and it deprives the AAA of jurisdiction to process the Union's demand for arbitration. Accordingly, the AAA should decline to proceed with the Union's arbitration demand unless and until the Union secures an order compelling arbitration from a court.

1.  The Supreme Court has long held that "the question of arbitrability—whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for *judicial determination*. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided *by the court, not the arbitrator*." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) (emphasis added). As the Supreme Court stated in *AT&T*, "it is a court's duty to interpret" the CBA and "determine whether the parties intended to arbitrate grievances." *Id.* at 651. The parties' intent is evident where there is an "*express exclusion*" demonstrating that parties did not intend to arbitrate the dispute. *AT&T*, 475 U.S. at 652 (emphasis added).

Here, the CBA contains such an "express exclusion" demonstrating that NYPR and the Union did not agree to arbitrate disputes over terminations of Reporter IIs. *AT&T*, 475 U.S. at 652. Specifically, Article XXVI (Hosts and Reporters), Section 1, unequivocally provides:

> Persons occupying the job titles of Host, Reporter I, <u>Reporter II</u> and Senior Reporter <u>may be terminated with or without cause and such termination shall not be subject to Article XXI, Grievance and Arbitration Procedure</u>, Article XXII, Disciplinary Meetings, and Article XXIII, Layoffs/Severance, sections 1, 2, 3, 4 and 5, but persons occupying the job titles of Host, Reporter II and Senior Reporter shall be subject, if eligible, to Article XXIII, Layoffs/Severance, sections 6 and 7. (emphasis added.)

That express exclusion bars arbitration of the Union's grievances. The Union's grievances challenge NYPR's termination of Fred Mogul, a Reporter II, with cause and the severance consequences of his termination. Whether cast as a grievance over his termination or a grievance over the impact of his termination, the Union's challenges are substantively the same: they seek to have an arbitrator decide whether Mogul was "terminated with or without cause" – even though "such "termination" is plainly not subject to arbitration under Article XXVI(1) of the CBA. *See e.g., Graphic Commc'ns Int'l Union, Loc. 735-S v. N. Am. Directory Corp. II*, 98 F.3d 97, 102 (3d Cir. 1996) (it is the "substance, not the phrasing, of the grievance"

that "governs its arbitrability."). In short, there is no agreement to arbitrate this dispute, and NYPR is not willing to submit this non-arbitrable matter to arbitration.

2.      Under the CBA, moreover, the AAA has no jurisdiction to process the Union's demand for arbitration of its substantively non-arbitrable grievances. Importantly, *none of Article XXI, Grievance and Arbitration Procedure*, including its single reference to arbitrator selection through the AAA, applies to reporter terminations: indeed, Article XXVI, Section 1, could not be clearer in rendering the *entire* Grievance and Arbitration Procedure inapplicable. CBA Article XXVI(1)(a Reporter II "termination *shall not be subject to Article XXI, Grievance and Arbitration Procedure*."). Because the AAA derives the scope of its authority from the parties' agreement, and that agreement expressly exempts reporter terminations from the operation of the Grievance and Arbitration Procedure in its entirety, the AAA lacks jurisdiction to process this case or proceed with arbitrator selection.

3.      Further, given the CBA's express arbitration exclusion, an arbitrator would have no power to determine his or her own jurisdiction in any event, because there is no "clear and unmistakable" evidence that parties agreed to allow an arbitrator to decide arbitrability. *See AT&T*, 475 U.S. at 649; *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 531 (2019). The CBA nowhere states that the parties agreed to allow an arbitrator to determine arbitrability; nowhere "provide[s] for arbitration *by the American Arbitration Association … or under its rules*," as the AAA's Labor Arbitration Rules ("LAR") require for incorporating AAA rules (LAR Nos. 1&2 (emphasis added); and nowhere incorporates the AAA rule allowing arbitrators to rule on their own jurisdiction.

    To the contrary, the CBA's only reference to the AAA is in Article XXI, and that sole reference does not reflect an agreement for arbitration by the AAA or under its rules; rather, NYPR and SAG-AFTRA agreed only to provide for arbitrator *selection* through the AAA. *See* CBA Article XXI(2) (either party may "submit the grievance to arbitration before an impartial arbitrator *selected* in accordance with the rules and procedures of the American Arbitration Association"). The CBA's sole reference to the AAA rules for arbitrator selection, which does not even apply to the reporter termination at issue here, simply does not amount to "clear and unmistakable evidence" that the parties agreed to allow an arbitrator to decide his or her own jurisdiction.

    Because NYPR and SAG-AFTRA have expressly agreed to exclude terminations of Reporter IIs from arbitration, and because they have not clearly and unmistakably agreed to allow an arbitrator to decide arbitrability instead of a court, NYPR's invocation of the CBA's express arbitration exclusion deprives the AAA of jurisdiction to process the Union's arbitration demand. Accordingly, AAA must dismiss the demand and, if SAG-AFTRA believes the matter is substantively arbitrable and wishes to pursue arbitration, it bears the burden of seeking to compel arbitration in a court of competent jurisdiction that can determine whether an arbitrator has jurisdiction to hear this matter. *See, e.g., In re [Respondent] and [Grievant 1-Labor Union]*, 1992 WL 12712019 (AAA), 2–3 (dismissing arbitration because "[i]t necessarily follows from AT & T Technologies that the mere assertion by the employer of substantive exclusion from arbitration … is sufficient to divest the arbitrator of jurisdiction and to compel the Union to take the threshold issue of arbitrability into the courts.").