Susan Davis
Olivia R. Singer
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022
(212) 563-4100

*Attorneys for SAG-AFTRA, New York Local*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
:
SCREEN ACTORS GUILD - AMERICAN  :
FEDERATION OF TELEVISION AND RADIO  :
ARTISTS, NEW YORK LOCAL  :
:
                    Plaintiff,  :  Civil Case No.
:  1:21-cv-04972 (CM) (RWL)
:
                    -v-  :
:
NEW YORK PUBLIC RADIO  :
:
                  Defendant.  :
------------------------------------------------------------------------x

**AMENDED COMPLAINT TO COMPEL ARBITRATION
OR, IN THE ALTERNATIVE, FOR BREACH OF CONTRACT**

Plaintiff Screen Actors Guild - American Federation of Television and Radio Artists, New York Local ("SAG-AFTRA"), by its attorneys, Cohen, Weiss and Simon LLP, for its complaint against New York Public Radio ("NYPR") states as follows:

**INTRODUCTION**

1.    This is an action by a labor organization under Section 301 of the Labor

Management Relations Act, 29 U.S.C. § 185, to compel an employer to arbitrate a grievance arising under the parties' collective bargaining agreement ("CBA"), as required by the arbitration clause of the agreement and federal labor law.  This action arises from NYPR's refusal to arbitrate a grievance filed by SAG-AFTRA concerning NYPR's failure to provide 18-year WNYC reporter Fred Mogul with contractually required severance payments after discharging Mogul without cause.  NYPR has wholly abrogated and refused to abide by the parties' contractual grievance process in the CBA.

2. In the alternative, should the Court determine that the underlying dispute is not subject to arbitration, the Court should find that NYPR has breached the CBA and enter judgment for SAG-AFTRA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and 28 U.S.C. § 1331.

4. Venue lies in this judicial district under Section 301(c) of the Labor Management Relations Act, 29 U.S.C. § 185(c), because NYPR transacts business in New York and SAG-AFTRA maintains its principal place of business in this judicial district and its officers and agents represent and act for employee members in this judicial district.

## STATEMENT OF FACTS

*The Parties*

5. SAG-AFTRA is a labor organization and employee representative within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5).  At all times

relevant to this action, SAG-AFTRA has served as the exclusive collective bargaining representative for a bargaining unit of employees, including the classification of Reporter II, employed by NYPR at the radio broadcast station WNYC-AM (frequency 820 AM), WNYC-FM (frequency 93.9 FM), WQXR-FM (frequency 105.9 FM), and the Gothamist.  SAG-AFTRA has a principal place of business at 1900 Broadway, New York, New York 10023.

6. NYPR transacts business in the State of New York and is an employer within the meaning of Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2).  NYPR has a principal place of business at 160 Varick Street, New York, New York 10013.

*The Collective Bargaining Agreement*

7. SAG-AFTRA is party to a CBA with NYPR for the period from July 1, 2018 through June 30, 2022 (the "CBA").  The CBA is a contract within the meaning of Section 301 of the Labor Management Relations Act.  A copy of the CBA is attached hereto as Exhibit A.

8. Article XXVI, Section 1 of the CBA provides that persons holding the positions of Host, Reporter I, Reporter II and Senior Reporter "may be terminated with or without cause and such termination shall not be subject to Article XXI, Grievance and Arbitration Procedure, Article XXI, Disciplinary Meetings, Article XXIII, Layoffs/Severance, sections 1, 2, 3, 4 and 5 *but* persons occupying the job titles of Host, Reporter II and Senior Reporter *shall be subject*, if eligible, to Article XXIII, Layoffs/Severance, sections 6 and 7" (emphasis added).

9. Article XXIII, Section 6 of the CBA provides that NYPR shall pay severance to "an employee in the job title of Host, Reporter II or Senior Reporter who is terminated without cause in the amount equal to two (2) weeks pay for each year of continuous service."

10. Article XXIII, Section 6 of the CBA is subject to the grievance and arbitration procedure under Article XXI.

11. The CBA does not provide NYPR with sole and unfettered discretion to determine that a particular termination was with cause. The correct forum for resolving a conflict over that question is the grievance and arbitration process.

*The Grievance and Arbitration Process Under the Collective Bargaining Agreement*

12. Article XXI, Section 1 of the CBA provides that all grievances "shall be resolved exclusively pursuant to the procedures set forth in this Article XXI." The term "grievance" is defined to include "any dispute arising out of (a) the interpretation, application or a claimed violation of this Agreement; (b) any personal services agreement between the Employer and an employee covered by this Agreement; or (c) any appeal of a claimed wrongful disciplinary action."

13. Article XXI, Section 2 of the CBA sets out a multi-step grievance procedure, culminating in binding arbitration. Under this procedure, SAG-AFTRA must first present any grievance to NYPR in writing. NYPR and SAG-AFTRA must then meet within ten (10) days of receipt of the grievance. If the grievance is not resolved, either party may, within thirty (30) working days after the grievance meeting, submit the grievance to final and binding arbitration before an arbitrator selected in accordance with the rules and procedures of the American Arbitration Association.

***NYPR Breaches the CBA by Failing to Pay Mogul Severance Pay and Refusing to Participate in the Grievance and Arbitration Process***

14. In February 2021, NYPR terminated 18-year WNYC reporter Fred Mogul without cause.

15. As purported grounds for its termination of Mogul, NYPR wrongfully accused Mogul of alleged plagiarism. NYPR's claim was based on two sentences of Associated Press (AP) copy that Mogul included in an initial draft of an unpublished story, which credited the AP ("reporting from Miami by the Associated Press") and included a link to the AP story.

16. Mogul's use of AP copy was consistent with both established past practice at WNYC and industry practice.

17. Mogul's use of AP copy did not violate NYPR editorial policy or guidelines.

18. Mogul indicated to his supervisor that he believed his use of the AP copy was entirely consistent with WNYC's past practice and offered to rewrite or omit the two sentences of AP copy. The two sentences were not included in the published story.

19. Nevertheless, on February 5, 2021, NYPR summarily discharged Mogul for alleged plagiarism.[1]

20. At a Zoom meeting that same day, during which NYPR Editor in Chief Audrey Cooper discussed Mogul's termination with WNYC staff, numerous WNYC employees

---

[1] On June 15, 2021, Mogul filed a complaint against NYPR, WNYC and Audrey Cooper in New York Supreme Court challenging his termination and alleging that the defendants defamed him by falsely accusing him of plagiarism. *See* Complaint, *Mogul v. New York Public Radio, et al.*, Index No. 652968/2021 (N.Y. Sup. Ct. Jun. 15, 2021).

confirmed that Mogul's use of AP copy conformed with WNYC past practice and noted that they had previously prepared stories using AP copy in the same manner as Mogul.

21. During its investigation of Mogul's termination, SAG-AFTRA received and reviewed copies of numerous stories where NYPR reporters had used the same reporting and crediting structure that Mogul had used, without being subject to any discipline.

22. On February 10, 2021, more than sixty employees sent a petition to Goli Sheikholeslami, NYPR's Chief Executive Officer, protesting Mogul's termination.

23. At the time of his termination, Mogul held the position of Reporter II under the CBA. In violation of Article XXIII, Section 6 of the CBA, NYPR refused to make severance payments to Mogul after terminating him without cause.

24. On May 5, 2021, SAG-AFTRA filed a grievance challenging NYPR's failure to make contractually required severance payments to Mogul and demanded as a remedy payment of severance pay to Mogul pursuant to Article XXIII of the CBA. A copy of this grievance is attached hereto as Exhibit B.

25. On May 13, 2021, SAG-AFTRA demanded a meeting with NYPR to discuss the severance pay grievance. In response, on May 14, 2021, NYPR stated: "Since the issues you have raised are not subject to grievance or arbitration, we do not intend to participate in a grievance process." A copy of this email correspondence is attached hereto as Exhibit C.

*NYPR Refuses to Arbitrate SAG-AFTRA's Grievances*

26. On May 18, 2021, pursuant to Article XXI, Section 2 of the CBA, SAG-AFTRA submitted a demand for arbitration of the severance pay grievance along with two other

grievances, a grievance challenging Mogul's termination and a grievance concerning NYPR's failure to adhere to the contractual grievance and arbitration process, to the American Arbitration Association.

27. On May 26, 2021, NYPR submitted an answering statement in response to SAG-AFTRA's demand for arbitration. NYPR contended that SAG-AFTRA's "claim is not subject to arbitration and the American Arbitration Association does not have jurisdiction over it."

28. NYPR continues to refuse to submit to arbitration SAG-AFTRA's grievance concerning its failure to pay contractually required severance to Mogul following his discharge without cause.

29. Roger Maher, the arbitrator designated by the American Arbitration Association, has placed the matter in abeyance until the Court rules on arbitrability.

**COUNT I**

30. Plaintiff repeats and realleges paragraphs 1-29 above as though fully set forth herein.

31. The dispute between the parties over the severance payments due to Mogul following his termination without cause arises under the CBA and is subject to resolution under the grievance and arbitration process under the CBA. By refusing to submit to the grievance and arbitration process under the CBA, NYPR has breached the CBA in violation of Section 301 of the Labor Management Relations Act.

32. Consistent with the Norris-LaGuardia Act, 29 U.S.C. § 101 et seq., and under Section 301 of the Labor Management Relations Act, this Court has jurisdiction to enjoin NYPR to arbitrate this dispute pursuant to the grievance and arbitration provisions in the CBA.

## COUNT II

33. Plaintiff repeats and realleges paragraphs 1-32 above as though fully set forth herein.

34. If the Court determines that the Union's grievance concerning the severance payments due to Mogul is not subject to resolution under the grievance and arbitration process under the CBA, then NYPR has breached Article XXIII, Section 6 of the CBA by wrongfully denying Mogul contractually required severance pay after discharging Mogul without cause.

35. Article XIII, Section 6 of the CBA provides that NYPR shall pay severance to "an employee in the job title of Host, Reporter II or Senior Reporter who is terminated without cause in the amount equal to two (2) weeks pay for each year of continuous service."

36. The CBA does not provide NYPR with sole and unfettered discretion to determine that a particular termination was with cause.

37. NYPR inaccurately claims to have terminated Mogul with cause.

38. Mogul did not commit plagiarism.

39. Mogul acted in accordance with established WNYC past practice and industry practice concerning attribution of AP copy.

40. Mogul's use of AP copy did not violate NYPR editorial policy or guidelines.

41. NYPR has asserted no other basis for Mogul's termination.

42. Accordingly, Mogul's termination was without cause and he is entitled to severance under Article XIII, Section 6 of the CBA.

43. Consistent with Section 301 of the Labor Management Relations Act, this Court has jurisdiction to remedy NYPR's breach of the CBA.

WHEREFORE, SAG-AFTRA prays that the Court issue a judgment in favor of SAG-AFTRA:

a. compelling NYPR to arbitrate SAG-AFTRA's grievance concerning NYPR's failure to pay Mogul contractually required severance pay or, in the alternative, determining that NYPR has breached the CBA and awarding appropriate relief, including money damages and injunctive relief;

b. ordering NYPR to pay SAG-AFTRA's reasonable attorney fees and costs in this action; and

c. granting such other and further relief as to the Court seems just, proper and equitable.

Dated: July 13, 2021

Respectfully submitted,

*/s/ Susan Davis*
Susan Davis
Olivia R. Singer
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022
(212) 563-4100

*Attorneys for SAG-AFTRA*